## City of Bloomington

*v.*

## Louis Strehle.

1.  Ordinances—*construction of a particular one.*  In a prosecution, under the sixth section of the revised ordinances of the city of Bloomington, for a violation thereof, proof that the defendant was a licensed saloon keeper is required.

Appeal from the Circuit Court of McLean county; the Hon. John M. Scott, Judge, presiding.

The opinion states the case.

Messrs. Williams & Burr, for the appellant.

Messrs. Spencer & Ewing, for the appellee.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was a proceeding before the Police Magistrate of the City of Bloomington, founded upon a complaint on the oath of one Addington, that appellee, on the twenty-first of July, 1867, sold spirituous, malt or fermented liquors on Sunday or the Sabbath day, contrary to the ordinance of the city, in such case made and provided.

On the appearance of the defendant before the magistrate, he objected that the warrant and complaint did not sufficiently describe the offence, and that no proof was made that he was a saloon keeper.

A verdict of guilty was found, and an appeal taken to the Circuit Court, where, on a trial by the court without a jury, he was found not guilty.

A motion for a new trial was overruled, and an appeal taken to this court by the city.

The only question made, is, does the offence charged come within the sixth section of the revised ordinances of the city of Bloomington?

That section is as follows: "No person shall keep open, or permit to be kept open, any saloon or place licensed under this ordinance, nor give away, barter, exchange or sell any liquors of any description on Sunday, nor permit any playing on billiard tables or pin alleys, in his or their saloon on Sunday, under penalty of fifty dollars for every offence." p. 77.

The circuit court held, that under this section, it was necessary to prove the defendant was a licensed saloon keeper.

The counsel for the city contend that there are three distinct subjects provided for by this section,—the first, that no person shall keep open, or permit to be kept open, any saloon or place licensed under this ordinance, on Sunday; the second, that no person shall give away, barter, exchange or sell, any liquors of any description on Sunday, and third, that no person shall permit any playing on billiard tables or pin alleys in his or their saloon on Sunday.

The fair grammatical construction of this section is that which the circuit court gave to it.

The subject of it is, licensed saloon keepers—they shall not keep open their saloons on Sunday; they shall not give away, barter, exchange or sell any liquors of any description on Sunday; they shall not permit playing on billiard tables or pin alleys in their saloons on Sunday.

The prohibition is, manifestly, confined to the occupation, not to the person. If the views of the counsel for the city be correct, then any private gentleman in the city, who shall give his guest a glass of wine or beer on Sunday, would be liable to the penalty. Such could not have been the intention of the legislature, and the language of the ordinance forbids such a construction.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*